# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

ALMA DENISE WILSON and  PLAINTIFFS
LAWRENCE WILSON

V.  NO. 3:16-CV-00271-DMB-JMV

THE SERVICE COMPANIES, FULL
SERVICE SYSTEMS CORPORATION,
and JOHN AND JANE DOES 1-10  DEFENDANTS

## ORDER GRANTING LEAVE TO INTERVENE

Before the Court is the "Motion for Leave to File an Intervening Complaint" of Robinson Property Group Corporation d/b/a Horseshoe Tunica. Doc. #5.

## I
## Procedural History

On November 21, 2016, Alma Denise Wilson and Lawrence Wilson filed a complaint against The Service Companies and Full Service Systems Corporation (collectively, "Service Companies"), and John and Jane Does 1-10, alleging that Alma sustained injuries when she slipped and fell while working at Horseshoe Casino Tunica. Doc. #1. In the complaint, the Wilsons seek compensatory and punitive damages based on claims for loss of consortium; negligence; negligent hiring, retention, supervision, and training; vicarious liability; and gross negligence. *Id.* at 3–6.

On January 9, 2017, Robinson Property Group Corporation d/b/a Horseshoe Tunica ("RPG") filed a "Motion for Leave to File an Intervening Complaint" pursuant to Federal Rule of Civil Procedure 24(a). Doc. #5. RPG asserts in the motion that (1) on the date of her alleged injuries, Alma was working as an employee of RPG; (2) the Service Companies, who the Wilsons claim are liable for their alleged injuries and damages, were "an independent contracting

service working at Horseshoe Tunica and [were] responsible for RPG's janitorial services at the time of the accident;" and (3) RPG, pursuant to the Mississippi Workers' Compensation Act, "has paid temporary total disability workers' compensation benefits to [Alma] in the amount of $28,083.16, medical expenses in the amount of $79,647.93, other payments of $3,389.01, and additional workers' compensation benefits in the amount of $125,000.00."[1]  Doc. #5 at 1–2. RPG further asserts that it "has a statutory lien against any recovery made by the Plaintiff, and is entitled to reimbursement, exoneration and a lien from and upon said Defendant, pursuant to Miss. Code Ann. § 71-3-71." *Id*. at 3.

To date, no party has filed an objection to RPG's motion to intervene.

## II
## Discussion

Federal Rule of Civil Procedure 24(a) provides:

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

To be entitled to intervention as of right under the second prong of Rule 24(a):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512 (5th Cir. 2016). "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Texas v.*

---

[1] RPG states that it "was a self-insured employer on May 19, 2014, and continues to be a self-insured employer for workers' compensation purposes." Doc. #5 at 2.

*United States*, 805 F.3d 653, 657 (5th Cir. 2015).

RPG's motion is timely, as it was filed just forty-seven days after the Wilsons filed their amended complaint and approximately a month before any party answered. *Swoboda v. Manders*, 665 F. App'x 312, 314 (5th Cir. 2016) ("HK's decision to wait 45 days before seeking to intervene was not unreasonable and [the] motion was timely ...."). And, because RPG would be "entitled to repayment of the amount paid by [it] as compensation and medical expenses from the net proceeds of [this] action," RPG has an interest in this action. *See* Miss. Code Ann. § 71-3-71. Further, if this matter is disposed of without RPG's participation, RPG's right to recover the worker's compensation benefits, medical expenses, and other sums it has already paid will be impeded. *See Liberty Mut. Ins. Co. v. Shoemake*, 111 So.3d 1207, 1214 (Miss. 2013) ("[A]n employer ... who is denied intervention will be unable to enforce its statutory right of subrogation.").

Under the final test, "[t]he burden of establishing inadequate representation is on the applicant for intervention. However, the applicant need not show that the representation by existing parties will be, for certain, inadequate. Instead, the Rule is satisfied if the applicant shows that the representation of [its] interest may be inadequate." *Texas*, 805 F.3d at 661 (internal quotation marks and citations omitted). In this regard, courts have regularly held that an employer seeking to protect a statutory lien may have different interests than a plaintiff pursuing a personal injury action against a third party. *See, e.g., Perry v. Schneider Nat'l Carriers, Inc.*, No. 3:10-cv-455, 2011 WL 93778, at *1 (M.D. Ala. Jan. 11, 2011) ("If, however, at any time and for any reason Perry opts for an alternative resolution to the case or to withdraw altogether as is the party's right, the parallel interests between Perry and MCB and Sedgwick may collapse and the subrogation interest of MCB and Sedgwick may suffer."). Such is the case

here.

In sum, the Court concludes that all four requirements for intervention under Rule 24(a)(2) have been met and that, therefore, intervention is appropriate. *See Smith Petro. Serv. Inc. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1114–15 (5th Cir. 1970) ("It has been held that where the state workmen's compensation law permits subrogation of a compensation carrier, the carrier is entitled to intervene as a matter of right."). Accordingly, RPG's motion to intervene [5] is **GRANTED**. RPG has seven (7) days from the date of this order to file its intervening complaint.[2]

**SO ORDERED**, this 11th day of May, 2017.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[2] Although RPG attached its intervening complaint to the motion, it must be filed as a separate docket item.