# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ALMA DENISE WILSON, ET AL.**                                         **PLAINTIFFS**

**VS.**                             **CIVIL ACTION NO. 3:16-CV-271-DMB-JMV**

**THE SERVICE COMPANIES, ET AL.**                                      **DEFENDANTS**

## ORDER DENYING MOTION TO COMPEL

Before the Court is the Plaintiffs' Motion To Compel Rule 30(b)(6) Depositions of Defendants [43]. For the reasons outlined below, the motion is DENIED.

Plaintiffs have filed this motion pursuant to FED.R.CIV.P. 30(b)(6) seeking an order compelling Defendants to comply with Plaintiffs' Notices to take Depositions of "The Service Companies and Full Service Systems Corporation" dated September 13, 2017. Plaintiffs' counsel attached to the motion email correspondence with opposing counsel requesting dates on which the Defendants would be available to for the depositions.

The Court notes two deficiencies in the instant discovery motion: (1) the motion is unaccompanied by the Good Faith Certificate required by L.U.Civ.R. 37(a) and (2) even if the motion were accompanied by a Good Faith Certificate, the motion was still filed in violation of Case Management Order, Section F. #4.

In particular, emails are not a sufficient indication of a good faith effort in compliance with the Local Rule and may not be submitted in lieu of a Good Faith Certificate. Rule 37 states in part: "A Good Faith Certificate… *must be filed with all discovery motions*." L.U.Civ.R. 37(a) (emphasis added). Further, should the a Plaintiff wish to illustrate Defendant's lack of cooperation or

1

responsiveness to efforts to prepare a Good Faith Certificate, the rule states that in that case, "the filed motion *must be accompanied by an affidavit or a 28 U.S.C. § 1746 declaration* by the moving party detailing the lack of cooperation *and* requesting appropriate sanctions." L.U.Civ.R. 37(a) (emphasis added). The attached emails are not a sufficient indication of a Defendant's lack of cooperation and may not be submitted in lieu of an affidavit or a 28 U.S.C. § 1746 declaration as required by the Rule.

Finally, according to the April 12, 2017 Case Management Order, duly checked as indicated below, the parties are required, after an unsuccessful Good Faith Conference but before filing a discovery motion, to confer with the Court regarding any discovery disputes, pursuant to FED.R.CIV.P. 16. See below:

> ✔ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so.
>
> Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by F.R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R. Civ.P. 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

Only after an *unsuccessful* conference with the Magistrate Judge shall a party file a discovery motion. There has been no such conference held with the Magistrate Judge regarding this matter. Therefore the motion is not proper.

For these reasons, the instant motion is denied. The parties are advised that the issue of scheduling the 30(b)(6) depositions will be taken up at a telephonic status conference to be promptly set by the court hereafter.

**SO ORDERED** this 16th day of October, 2017.

                                               **/s/ Jane M. Virden**
                                               UNITED STATES MAGISTRATE JUDGE