# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DIVISION OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| ALMA DENISE WILSON; and<br>LAWRENCE WILSON | PLAINTIFFS |
| VS. | CIVIL ACTION NO.: 3:16CV271-DMB-JMV |
| THE SERVICE COMPANIES;<br>FULL SERVICE SYSTEMS CORPORATION<br>and JOHN AND JANE DOES 1-10 | DEFENDANTS |
| ROBINSON PROPERTY GROUP CORP.<br>D/B/A HORSESHOE TUNICA | INTERVENOR |

_____

## ORDER DENYING MOTION TO COMPEL
## DISCOVERY AND 30(b)(6) DEPOSITION
_____

This matter is before the court on plaintiffs' motion to compel discovery and 30(b)(6) deposition filed on December 12, 2017. The court has discussed this motion with the parties and the defendants have indicated that they do not intend to respond. For the reasons detailed below, the court finds that the motion is not well taken and should be DENIED.

Local Uniform Civil Rule 7(b)(2)(C) clearly states, "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline." The instant motion was filed two days before the end of the extended discovery period, in violation of the rule. Therefore, this motion is untimely.

Further, Local Uniform Civil Rule 37(a) clearly states, "Before service of a discovery motion, counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention. A Good Faith Certificate… must be filed with all discovery motions… The certificate must bear the signatures/endorsements of all counsel." The Good Faith

1

Certificate attached to the instant motion only bore the signature of moving counsel, in violation of the rules.

Finally, the movant requests production of thirty-eight general categories of documents. However, there is no corresponding citation to requests for production previously served on the defendants, as required by the rules. Local Uniform Civil Rules 37(b)-(c) clearly state:

> Motions raising issues concerning discovery propounded under FED.R.CIV.P. 33, 34, 36 and 37, **must quote verbatim** each interrogatory, request for production, or request for admission to which the motion is addressed, and must state:
>
> **(1) the specific objection;**
> **(2) the grounds assigned for the objection (if not apparent from the objection itself), and**
> **(3) the reasons assigned as supporting the motion.**
>
> The objections, grounds and reasons must be written in immediate succession to the quoted discovery request. The objections and grounds must be addressed to the specific interrogatory, request for production, or request for admission and may not be general in nature.
>
> (c) **Failure to comply with subsections (a) or (b) of this rule will result in a denial** of the motion without prejudice to the party, who may refile the motion upon conformity with this rule.

(emphasis added). The movant made no attempt to comply with the rule. The motion merely lists nearly 40 broad categories of documents alleged to be relevant to his claims, but there is no recitation of a corresponding prior request made of defendant—either by way of request for production or otherwise—for any of the myriad categories of documents sought.

For reasons delineated above, the court finds that the motion is not well taken and is therefore DENIED.

SO ORDERED this, Friday, December 15, 2017.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**