IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| ALMA DENISE WILSON; and<br>LAWRENCE WILSON | PLAINTIFFS |
| VS. | CIVIL ACTION NO.: 3:16-CV-271-DMB-JMV |
| THE SERVICE COMPANIES;<br>FULL SERVICE SYSTEMS CORPORATION<br>and JOHN AND JANE DOES 1-10 | DEFENDANTS |
| ROBINSON PROPERTY GROUP CORP.<br>D/B/A HORSESHOE TUNICA | INTERVENOR |

## ORDER DENYING PLAINTIFFS'
## MOTION TO STRIKE DEFENDANTS' EXPERTS

**THIS MATTER COMES BEFORE THE COURT** on Plaintiffs' Motion to Strike the Defendants' Experts [60]. For the reason explained below, the motion is DENIED.

*Factual Background*

The court entered a case management order [18] in this case on April 12, 2017 setting forth the following deadlines: "Discovery due by 9/28/2017. Amendments/Joinder of Parties due by 5/25/2017. Plaintiffs Designation of Experts due by 6/28/2017. Defendants Designation of Experts due by 7/28/2017. Motions due by 10/12/2017." Doc. #18. Although defendants designated experts on July 28, 2017, within the designation deadline, the required, corresponding expert reports were not provided. The discovery deadline was twice extended, finally expiring on December 14, 2017.

On December 21, 2017, after the close of discovery, Plaintiffs filed a Motion to Strike Defendants' Experts [60], citing Defendants' failure to provide the requisite expert reports at the

1

time of expert designation. Thereafter, on January 4, 2018, Defendants filed a Notice of Service [67] of Defendants' Supplemental Designation of Expert Witnesses in an effort to supplement their expert designations with what were purported to be the required reports, and to designate a new expert in lieu of a previously designated expert who, according to plaintiff's counsel, defense counsel had long since been aware, had passed away sometime before September 25, 2017. The so called "supplements" to the expert designations were without leave of court and outside the clearly established deadlines.

In its response to the Motion to Strike Defendants' Experts, counsel for the Defense asserts—as the reason why the defense elected not to timely provide the required expert reports—that they had hoped for a Rule 35 Independent Medical Examination of the Plaintiff.

In their reply, Plaintiffs, contend that the reason given by the defense for its failure to timely provide the required reports is specious, particularly since the subject of an independent medical exam was objected-to by plaintiff's counsel when it was raised informally by the defense at the initial case management conference and was never even raised with plaintiff's counsel again until the date discovery expired. As for the purported supplemental reports themselves, in its reply the plaintiff incorporated a Motion to Strike them as well.

*Law and Analysis*

In so far as concerns the pending motion to strike, the designations made by the defense on July 28, 2017, for insufficiency (lack of accompanying report), the motion is denied as untimely. Specifically, L. U. Civ. R. 26(a)(3) requires challenges as to inadequate disclosure of expert witnesses be made no later than (30) thirty days before the discovery deadline—or it will be waived.

As concerns the imbedded motion to strike the recent purported supplementations (themselves made well after the close of the discovery deadline, so not feasibly addressed prior to its expiration), that motion is not properly before the court. Pursuant to Local Rule 7, "A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." L. U. Civ. R. 7(b)(3)(C). Accordingly plaintiff's counsel is directed to separately file, within (5) five business days hereof, any motion and memorandum in support that it may wish to have the court take up on the issue of whether the "supplemental" reports should be stricken for untimeliness.

SO ORDERED this, January 26, 2018.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE