IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF MISSISSIPPI
OXFORD DIVISION

ALMA DENISE WILSON; and
LAWRENCE WILSON                                                                                   PLAINTIFFS

VS.                                                   CIVIL ACTION NO.: 3:16-CV-271-DMB-JMV

THE SERVICE COMPANIES;
FULL SERVICE SYSTEMS CORPORATION
and JOHN AND JANE DOES 1-10                                                             DEFENDANTS

ROBINSON PROPERTY GROUP CORP.
D/B/A HORSESHOE TUNICA                                                                    INTERVENOR
_____

**ORDER ON MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL AND SECOND
SUPPLEMENTAL DESGINATION OF EXPERT WITNESSES**
_____

This matter is before the court on Plaintiffs' Motion to Strike Defendants' Supplemental and Second Supplemental Designation of Expert Witnesses [76]. For the reasons that follow, the motion is GRANTED.

**Factual Background**

A case management order in this case was entered on April 12, 2017, setting, *inter alia*, Defendants' expert designation deadline as July 28, 2017. On that date, however, no reports were provided to Plaintiffs as required by Fed. R. Civ. P. 26(a)(2)(B). Instead, on their expert designation deadline, defendants merely disclosed, in relevant part as follows:

These Defendants designate the following witnesses to testify as experts on their behalf at the trial of the above captioned civil action:

(A)   Nathaniel Fentress, MS, CRC, CCM Rehabilitation Counselor
      1190 North State Street, Suite 202
      Jackson, Mississippi 39202

1

Telephone: 601-355-7550
Cell Phone: 601-832-7100
Fax: 888-539-6734

Mr. Fentress is an expert in vocational rehabilitation and life care planning. Mr. Fentress is expected to testify concerning to what extent Plaintiff's physical and mental condition following the accident in question will affect her ability to obtain employment. Mr. Fentress is further expected to opine concerning the extent to which Plaintiff's current physical and mental status will affect her ability to earn a wages comparable to that which she was earning at the time of the accident. In so doing, Mr. Fentress is expected to testify concerning, but not limited to, types of jobs/employments Plaintiff may be able to perform as a result of her alleged injuries and/or medical conditions. In addition, Mr. Fentress may offer opinions as to the future employment possibilities for Plaintiff, along with addressing any loss of income/lost wage claims asserted by the Plaintiff. Mr. Fentress will also offer opinions concerning the costs associated with providing medical care for the Plaintiff in the future via a Life Care Plan.

Mr. Fentress's opinions are based upon his specialized knowledge, training, and skills as a vocational rehabilitation counselor and life care planner and his review of Plaintiff's medical records, deposition testimony, and discovery responses, along with other materials reasonably relied upon by experts in his field. Mr. Fentress may review other depositions, medical records and/or other reports to finalize his opinion. A copy of Mr. Fentress's curriculum vitae is attached hereto as Exhibit "A" and incorporated by reference as fully set out therein. A copy of Mr. Fentress's fee schedule and recent trial testimony is also attached hereto as Exhibit "B" and "C", respectively. A more detailed summary of Mr. Fentress's specific opinions and the grounds for the same is contained in his Life Care Plan for the Plaintiff, which will be supplemented and attached hereto as Exhibit "D" and is incorporated by reference as fully set out therein. Mr. Fentress is completing a vocational rehabilitation report for the Plaintiff, which will be supplemented upon receipt of the same and is incorporated as fully set forth therein. Any deposition testimony given by Mr. Fentress in this case is also incorporated by reference as fully set forth therein.

(B)  Dr. Moses C. Jones, Jr.
     973 Golf View Lane, #2
     Lapeer, Michigan  48446
     Cell: (601) 506-7080
     Email: mosesjones@msn.com

Dr. Jones is an expert in the field of neurogsurgery and physical medicine. A copy of Dr. Jones' curriculum vitae is attached hereto as Exhibit "E." Dr. Jones is a medical physician who is expected to testify based upon his education, experience, training and his review of the information provided to him in this litigation. Dr. Jones is expected to testify regarding the extent and duration of Plaintiff's injuries including the affects, if any, of Plaintiff's pre-existing conditions. Dr. Jones will also testify regarding the Plaintiff's medical conditions allegedly suffered in the current lawsuit, including the effects this incident allegedly had on Plaintiff's functional capacity. Dr. Jones is further expected to testify as to Plaintiff's impairment rating assigned by Dr. Katz and/or Dr.

Brophy. Further, Dr. Jones will testify about the effects and injuries Plaintiff suffered during the surgery performed by Dr. Brophy including the risks/benefits of the type surgery performed. Dr. Jones will offer testimony regarding Dr. Brophy's performance of said surgery including the resulting consequences of said surgery. Dr. Jones will also offer testimony about the need, or not, of any future medical treatment and/or care reasonably expected to be incurred by the Plaintiff resulting from her alleged slip and fall. Finally, Dr. Jones will offer rebuttal testimony to the opinions and conclusions reached by Dr. Brophy and/or Dr. Katz as detailed in the medical records and any reports authored by either or both.

(C)     Jim Koerber, CPA/ABV, CVA, CFE, CFF
        The Koerber Company
        103 Madison Plaza
        Hattiesburg, Mississippi 39402

Mr. Koerber is an expert in the field of economics, accounting and valuation. He is expected to testify as to the valuation of Plaintiff's alleged economic losses due to her injuries sustained as a result of the incident in question. In so doing, Mr. Koerber may testify concerning, but not limited to, Plaintiff's life expectancy, lost wages, future lost wages, past, present and future medical expenses, loss of income, future loss of income, present value calculations, economic values and any areas in his field of expertise addressed by the Plaintiffs' expert witnesses.

Mr. Koerber's opinions are based upon: 1) his specialized knowledge, training, and skills as an economist and accountant, 2) documents produced to him in the pending litigation along with other materials reasonably relied upon by experts in the field of economics and accounting; and 3) his review of report(s) generated by Plaintiff's experts. Mr. Koerber may review other depositions, medical records and/or other reports to finalize his opinion. A copy of Mr. Koerber's curriculum vitae and fee schedule is attached hereto as Exhibit "F" and incorporated by reference as fully set out therein. A more detailed summary of Mr. Koerber's specific opinions and the grounds for the same is contained in his report, which will be supplemented upon receipt of the same, and is incorporated by reference as fully set out therein. Any deposition testimony given by Mr. Koerber in this case is also incorporated by reference as fully set forth therein.

Doc. #34 at 1-4.

On September 25, 2017, Plaintiffs' counsel notified counsel for Defendants of the death of one of Defendants' designated experts—Mr. Nathaniel Fentress. Doc. #60 at ¶2. Thereafter, the discovery deadline was extended twice, with December 14, 2017 being the final deadline. As of December 14, 2017, no reports for Defendants' experts had been produced, despite the expiration of both the defendants' expert designation deadline and the discovery deadline on December 14,

3

2017. On December 21, 2017, Plaintiffs filed their first Motion to Strike Defendants' Experts [Doc. 60] as well as a Memorandum in Support [Doc. 61].

While that motion was pending, on January 4, 2018, Defendants filed a Notice of Service [Doc. 67] indicating Plaintiffs were being served with *Defendants' Supplemental Designation of Expert Witnesses* (Exhibit "A"). Defendants' Supplemental Designation replaced Mr. Nathaniel Fentress with Ms. Kathy Jackson-Smith, but this "supplemental" designation still failed to provide any reports—and, hence, any opinions to be testified to at trial or facts and data in support thereof.

Shortly after filing the Notice of Service [Doc. 67], Defendants filed their Response to Plaintiffs' Motion to Strike [Doc. 68], attaching Defendants' initial and supplemental expert designation as exhibits [Doc. 68-1, 68-2]. Defendants assert therein they withheld preparation of expert reports in anticipation of a Rule 35 Independent Medical Examination. According to the Plaintiffs, the first time a Rule 35 Examination was mentioned was at the case management conference—where Plaintiffs' counsel made clear Plaintiffs would not voluntarily agree to such an exam. Plaintiffs' counsel also asserts—and defendants' counsel offer no evidentiary proof to the contrary—that Defendants' counsel made no mention of their desire to move forward with a Rule 35 Exam, again, until December 14, 2017—almost five (5) months after their designation deadline, and on the date the extended discovery deadline expired.

On January 26, 2018, this Court entered an order [Doc. 74] finding that the plaintiffs' motion to strike the purported expert designations, filed on July 27, 2017, was untimely and would be denied for that reason. Plaintiffs were directed to "separately file, within (5) five business days hereof, any motion and memorandum in support that it may wish to have the court take up on the issue of whether the 'supplemental' report of January 4,2018, should be stricken for untimeliness." Doc. #74. Thereafter, Defendants filed a Notice of Service [Doc. 75] of *Defendants' Second*

4

*Supplemental Designation of Experts* (Exhibit "B"). Accompanying this designation were, according to counsel, formal reports of Dr. Moses Jones and Kathy Jackson-Smith.

On January 29, 2018, Plaintiffs filed the instant motion to strike the purported January 4, 2018 supplemental and subsequently filed second supplemental designations.

**Law and Analysis**

The court agrees with the Plaintiffs' recitation of the standard, specifically:

> In accordance with the Federal Rules of Civil Procedure 26(a)(2)(B), parties are required to produce written reports of experts "retained or specially employed to provide expert testimony." Specifically, Rule 26(a)(2)(B) states as follows:
>
> (2) *Disclosure of Expert Testimony.*
> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.
> The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> Failure to provide reports in accordance with Rule 26(a)(2)(B) leaves a party in violation of this rule. Although the Court allows for rebuttal and supplementary disclosures, "[t]he purpose of rebuttal and supplementary disclosures is just that – to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. [1996]). Failure to comply with Rule 26(a)(2)(B), when brought to the attention of the Court, requires a balancing test under Fed. R. Civ. P. 37(c).
> Rule 37(c) states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial,

unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c). [Paragraph (2)(B)] of The Advisory Committee's Note (1993) under Fed. R. Civ. P. 26 details the underlying reasoning for requiring full disclosure, stating "[r]evised Rule 37(c)(1) provides an incentive for full disclosure; namely that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." In reviewing the application of Rule 37(c), the Fifth Circuit found no error where the district court excluded expert testimony as insufficient where no reasonable justification was provided stating, "under Rule 37(c), the presumptive sanction for failing to disclose a testifying expert or supply a required expert report or summary disclosures is to exclude or limit the expert's testimony unless the failure was substantially justified or harmless." *Honey-Love v. United States*, 664 Fed.Appx. 358, 362 (5th Cir. 2016).

Doc. #77.

I. The Supplemental Designation and Second Supplemental Designation are Inexcusably Untimely**.**

Plaintiffs seek to have *Defendants' Supplemental Designation of Experts* as well as *Defendants' Second Supplemental Designation of Experts* stricken. Defendants filed their Supplemental Designation of Experts on January 4, 2018. That designation merely replaced Nathaniel Fentress, deceased, with Kathy Jackson-Smith. This supplementation was inexcusably late as Defendants were aware on September 25, 2017, *at the latest*, that Nathaniel Fentress had passed away. Defendants took no action to replace Mr. Fentress as an expert for over three (3) months, and only did so well after the close of discovery.

Making matters worse, even when the purported supplementation of experts was made on Jan 4, 2018, it still contained none of the actual opinions to be testified to, nor the facts and data in support thereof—much less a signed report by the retained experts. In fact, it wasn't until January 26, 2018, that Defendants purported to "supplement" their designations with actual opinions facts and data. Doc. #76-2. Even then, reports for only two of the three retained experts were provided.

II.     Defendants Failure to Timely Provide Their Expert Information is Not "Substantially Justified or Harmless."

Defendants have failed to provide the disclosures required under Fed. R. Civ. P. 26(a)(2)(B), and are therefore in violation of the Rule. Fed. R. Civ. P. 37(c) states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."

Allowing Defendants to rely on their purported "supplemental" designations would unquestionably represent unfair prejudice to Plaintiffs, as it would deprive them of the opportunity to explore, during discovery, the nondisclosed opinions, facts and data to be offered by Defendants' experts. Further, it deprives the Plaintiff the opportunity to, itself, timely file rebuttal opinions, facts and data.

Defendants' argument that their failure to provide written reports was somehow justified by their desire to have an independent medical exam of plaintiff is simply not colorable. If such an exam was desired, defense counsel certainly had an obligation to timely bring on a motion to conduct the same and to request an extension of the expert designation deadline to accommodate the need for such an exam. No such motion for an independent medical exam or an extension of the expert designation deadline was ever filed.

It simply is without justification to have waited until months after the designation deadline, and even well past the discovery deadline, to provide the opinions, facts, and data to be offered by the named experts.

In short, the so-called justification for the wholesale failure to timely provide the requisite experts' reports does not approach what could be considered substantial justification. On its face, the failure to provide any opinions, facts, or data proposed to be testified to by retained experts

until well after even the discovery deadline is prejudicial. Further, Defendants' repeated failure to comply with mandated deadlines demonstrates a pattern of noncompliance with the rules of this Court.

III.     Sanctions.

Rule 37(c) gives the court discretion to decide appropriate sanctions for such violations of the Rule. The Rule's guidance reads as follows:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed. R. Civ. P. 37(c)(1). The options given in Fed. R. Civ. P. 37(c)(2) are as follows:

> (2) *Sanctions Sought in the District Where the Action Is Pending.*
> …
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> **(iii) striking pleadings in whole or in part;**
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)—(vi)(emphasis added).

When deciding which sanction to employ when there has been an improper expert designation, the court weighs the following factors:

(1) the importance of the witnesses' testimony;

8

    (2) the prejudice to the opposing party of allowing the witnesses to testify;
    (3) the possibility of curing such prejudice by granting a continuance; and
    (4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996) (citation omitted).

Here, the Plaintiff has moved the court to employ the sanction described in Fed. R. Civ. P. 37(b)(2)(A)(iii)—striking pleadings in whole or in part.[1] The Court agrees that this is the appropriate sanction.

With respect to the importance of Defendants' expert witnesses, it is likely the case that they are pivotal to Defendants' defenses, but on the other hand, the cavalier approach Defendants have taken to their designation and the failure to argue such prejudice suggests otherwise.

The undeniable prejudice to the Plaintiffs that would result from allowing Defendants' witnesses to testify to opinions, facts, and data not disclosed until well after the close of discovery was addressed above.

The Defendants have filed a motion to continue [53], which is a matter to be taken up by the district judge. However, until such time as the district judge has granted the motion and reset the trial, the prospect of a continuance is speculative. Nevertheless, in the event of a continuance, the Defendants may move to reopen discovery, and assuming time permits and the motion is otherwise well taken, they may then properly designate their experts.

Finally, as discussed above, Defendants' excuse for not properly and timely designating their experts—because they hoped to obtain an independent medical exam of plaintiff first—is simply not colorable.

---

[1] The Plaintiff has specifically requested that the pleadings be stricken in whole.

*Conclusion*

Accordingly, it is ordered that the Defendants' Supplemental Designation of Experts and Defendants' Second Supplemental Designation of Experts, including reports, be STRICKEN.

**SO ORDERED**, this February 16, 2018.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE