IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF MISSISSIPPI
OXFORD DIVISION

ALMA DENISE WILSON; and
LAWRENCE WILSON                                                               PLAINTIFFS

VS.                                        CIVIL ACTION NO.: 3:16-CV-271-DMB-JMV

THE SERVICE COMPANIES;
FULL SERVICE SYSTEMS CORPORATION
and JOHN AND JANE DOES 1-10                                                  DEFENDANTS

ROBINSON PROPERTY GROUP CORP.
D/B/A HORSESHOE TUNICA                                                        INTERVENOR
_____

**ORDER ON MOTION TO STRIKE DEFENDANTS' THIRD SUPPLEMENTAL
DESGINATION OF EXPERT WITNESSES**
_____

This matter is before the Court on Plaintiffs' Motion to Strike *Defendants' Third Supplemental Designation of Expert Witnesses* [81]. For the reasons that follow, the motion is GRANTED.

**Factual Background**

A case management order was entered on April 12, 2017, setting, *inter alia*, Defendants' expert designation deadline as July 28, 2017. On that date, however, no reports were provided to Plaintiffs as required by Fed. R. Civ. P. 26(a)(2)(B). Instead, on their expert designation deadline, Defendants merely disclosed, in relevant part, what follows:

1.   These Defendants designate the following witnesses to testify as experts on their behalf at the trial of the above captioned civil action:

(A)   Nathaniel Fentress, MS, CRC, CCM Rehabilitation Counselor
      1190 North State Street, Suite 202
      Jackson, Mississippi 39202
      Telephone: 601-355-7550

1

Cell Phone: 601-832-7100
Fax: 888-539-6734

Mr. Fentress is an expert in vocational rehabilitation and life care planning. Mr. Fentress is expected to testify concerning to what extent Plaintiff's physical and mental condition following the accident in question will affect her ability to obtain employment. Mr. Fentress is further expected to opine concerning the extent to which Plaintiff's current physical and mental status will affect her ability to earn a wages comparable to that which she was earning at the time of the accident. In so doing, Mr. Fentress is expected to testify concerning, but not limited to, types of jobs/employments Plaintiff may be able to perform as a result of her alleged injuries and/or medical conditions. In addition, Mr. Fentress may offer opinions as to the future employment possibilities for Plaintiff, along with addressing any loss of income/lost wage claims asserted by the Plaintiff. Mr. Fentress will also offer opinions concerning the costs associated with providing medical care for the Plaintiff in the future via a Life Care Plan.

Mr. Fentress's opinions are based upon his specialized knowledge, training, and skills as a vocational rehabilitation counselor and life care planner and his review of Plaintiff's medical records, deposition testimony, and discovery responses, along with other materials reasonably relied upon by experts in his field. Mr. Fentress may review other depositions, medical records and/or other reports to finalize his opinion. A copy of Mr. Fentress's curriculum vitae is attached hereto as Exhibit "A" and incorporated by reference as fully set out therein. A copy of Mr. Fentress's fee schedule and recent trial testimony is also attached hereto as Exhibit "B" and "C", respectively. A more detailed summary of Mr. Fentress's specific opinions and the grounds for the same is contained in his Life Care Plan for the Plaintiff, which will be supplemented and attached hereto as Exhibit "D" and is incorporated by reference as fully set out therein. Mr. Fentress is completing a vocational rehabilitation report for the Plaintiff, which will be supplemented upon receipt of the same and is incorporated as fully set forth therein. Any deposition testimony given by Mr. Fentress in this case is also incorporated by reference as fully set forth therein.

(B)  Dr. Moses C. Jones, Jr.
 973 Golf View Lane, #2
 Lapeer, Michigan 48446
 Cell: (601) 506-7080
 Email: mosesjones@msn.com

Dr. Jones is an expert in the field of neurogsurgery and physical medicine. A copy of Dr. Jones' curriculum vitae is attached hereto as Exhibit "E." Dr. Jones is a medical physician who is expected to testify based upon his education, experience, training and his review of the information provided to him in this litigation. Dr. Jones is expected to testify regarding the extent and duration of Plaintiff's injuries including the affects, if any, of Plaintiff's pre-existing conditions. Dr. Jones will also testify regarding the Plaintiff's medical conditions allegedly suffered in the current lawsuit, including the effects this incident allegedly had on Plaintiff's functional capacity. Dr. Jones is further expected to testify as to Plaintiff's impairment rating assigned by Dr. Katz and/or Dr. Brophy. Further, Dr. Jones will testify about the effects and injuries Plaintiff suffered

during the surgery performed by Dr. Brophy including the risks/benefits of the type surgery performed. Dr. Jones will offer testimony regarding Dr. Brophy's performance of said surgery including the resulting consequences of said surgery. Dr. Jones will also offer testimony about the need, or not, of any future medical treatment and/or care reasonably expected to be incurred by the Plaintiff resulting from her alleged slip and fall. Finally, Dr. Jones will offer rebuttal testimony to the opinions and conclusions reached by Dr. Brophy and/or Dr. Katz as detailed in the medical records and any reports authored by either or both.

(C)  Jim Koerber, CPA/ABV, CVA, CFE, CFF
     The Koerber Company
     103 Madison Plaza
     Hattiesburg, Mississippi 39402

   Mr. Koerber is an expert in the field of economics, accounting and valuation. He is expected to testify as to the valuation of Plaintiff's alleged economic losses due to her injuries sustained as a result of the incident in question. In so doing, Mr. Koerber may testify concerning, but not limited to, Plaintiff's life expectancy, lost wages, future lost wages, past, present and future medical expenses, loss of income, future loss of income, present value calculations, economic values and any areas in his field of expertise addressed by the Plaintiffs' expert witnesses.
   Mr. Koerber's opinions are based upon: 1) his specialized knowledge, training, and skills as an economist and accountant, 2) documents produced to him in the pending litigation along with other materials reasonably relied upon by experts in the field of economics and accounting; and 3) his review of report(s) generated by Plaintiff's experts. Mr. Koerber may review other depositions, medical records and/or other reports to finalize his opinion. A copy of Mr. Koerber's curriculum vitae and fee schedule is attached hereto as Exhibit "F" and incorporated by reference as fully set out therein. A more detailed summary of Mr. Koerber's specific opinions and the grounds for the same is contained in his report, which will be supplemented upon receipt of the same, and is incorporated by reference as fully set out therein. Any deposition testimony given by Mr. Koerber in this case is also incorporated by reference as fully set forth therein.

[Doc. 34 at 1-4].

On September 25, 2017, Plaintiffs' counsel notified counsel for Defendants of the death of one of Defendants' designated experts—Mr. Nathaniel Fentress. [Doc. 60 at ¶2]. Thereafter, the discovery deadline was extended twice, with December 14, 2017 being the final deadline. As of December 14, 2017, no reports for Defendants' experts had been produced, despite the expiration of both the defendants' expert designation deadline and the discovery deadline on December 14,

2017. On December 21, 2017, Plaintiffs filed their first Motion to Strike Defendants' Experts [Doc. 60] as well as a Memorandum in Support [Doc. 61].

While that motion was pending, on January 4, 2018, Defendants filed a *Notice of Service* [Doc. 67] indicating Plaintiffs were being served with *Defendants' Supplemental Designation of Expert Witnesses* (Exhibit "A"). Defendants' supplemental designation replaced Mr. Nathaniel Fentress with Ms. Kathy Jackson-Smith, but this "supplemental" designation still failed to provide any reports and, hence, failed to provide any opinions to be testified to at trial or facts and data in support thereof.

Shortly after filing the *Notice of Service* [Doc. 67], Defendants filed their Response to Plaintiffs' Motion to Strike [Doc. 68], attaching Defendants' initial and supplemental expert designations as exhibits [Doc. 68-1, 68-2]. Defendants assert therein that they withheld preparation of expert reports in anticipation of a Rule 35 Independent Medical Examination. According to the Plaintiffs, the first time a Rule 35 Examination was mentioned was at the case management conference—where plaintiffs' counsel made clear Plaintiffs would not voluntarily agree to such an exam. Plaintiffs' counsel also asserts—and defendants' counsel offer no evidentiary proof to the contrary—that defendants' counsel made no mention of their desire to move forward with a Rule 35 Exam, again, until December 14, 2017—almost five (5) months after their designation deadline, and on the date the extended discovery deadline expired.

On January 26, 2018, this Court entered an Order [Doc. 74] finding that the Plaintiffs' Motion To Strike the purported expert designations, filed on July 27, 2017, was untimely and would be denied for that reason. Plaintiffs were directed to "separately file, within (5) five business days hereof, any motion and memorandum in support that it may wish to have the court take up on the issue of whether the 'supplemental' report of January 4, 2018, should be stricken for

untimeliness." [Doc. 74]. Thereafter, Defendants filed a *Notice of Service of Defendants' Second Supplemental Designation of Experts*. [Doc. 75]. Accompanying this designation were, according to counsel, formal reports of Dr. Moses Jones and Kathy Jackson-Smith.

On January 29, 2018, Plaintiffs filed a Motion to Strike the Supplemental, and subsequently filed, Second Supplemental Designations. On February 16, 2018, the Court entered an Order granting the motion for the reasons set forth in detail therein. [Doc. 83].

In the interim, on February 7, 2018, Defendants filed, yet another, late supplement"—[78] *Notice of Service of Defendant's Third Supplemental Designation of Expert Witnesses*—"to include the formal report of Mr. Jim Koerber. [Doc. 81-4 at 2]. Plaintiffs filed the instant Motion to Strike said supplement on February 9, 2018.

## Law and Analysis

The court agrees with the Plaintiffs' recitation of the standard, specifically:

> In accordance with the Federal Rules of Civil Procedure 26(a)(2)(B), parties are required to produce written reports of experts "retained or specially employed to provide expert testimony." Specifically, Rule 26(a)(2)(B) states as follows:
>
> (2) *Disclosure of Expert Testimony.*
> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.
> The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Failure to provide reports in accordance with Rule 26(a)(2)(B) leaves a party in violation of this rule. Although the Court allows for rebuttal and supplementary disclosures, "[t]he purpose of rebuttal and supplementary disclosures is just that – to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. [1996]). Failure to comply with Rule 26(a)(2)(B), when brought to the attention of the Court, requires a balancing test under Fed. R. Civ. P. 37(c).

Rule 37(c) states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c). [Paragraph (2)(B)] of The Advisory Committee's Note (1993) under Fed. R. Civ. P. 26 details the underlying reasoning for requiring full disclosure, stating "[r]evised Rule 37(c)(1) provides an incentive for full disclosure; namely that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." In reviewing the application of Rule 37(c), the Fifth Circuit found no error where the district court excluded expert testimony as insufficient where no reasonable justification was provided stating, "under Rule 37(c), the presumptive sanction for failing to disclose a testifying expert or supply a required expert report or summary disclosures is to exclude or limit the expert's testimony unless the failure was substantially justified or harmless." *Honey-Love v. United States*, 664 Fed.Appx. 358, 362 (5th Cir. 2016).

[Doc. 77].

I. *The Third Supplemental Designation is Unquestionably Untimely.*

Plaintiffs seek to have *Defendants' Third Supplemental Designation of Experts* stricken. The purported original designation of Mr. Koerber contained none of the actual opinions to be testified to, nor the facts and data in support thereof—much less a signed report by the retained expert. In fact, it wasn't until February 7, 2018, two months after the discovery deadline and dispositive motions deadlines had run, that Defendants purported to "supplement" their designation of Koerber with actual opinions, facts, and data. [Doc. 78]. This supplement is woefully late.

II. *Defendants Failure to Timely Provide Their Expert Report is Not "Substantially Justified or Harmless."*

Defendants' offer no justification for their wholesale failure to timely provide Koerber's report other than a representation to the court that, "Plaintiff knew the substance of all Defendants' experts' opinions at the time of the Defendants' original designation [on July 28, 2017]… Plaintiffs never requested… to take any expert depositions… the opinions of Mr. Koerber were not relevant to any dispositive motions filed by the parties… [and] the opinions of Mr. Koerber are *beneficial* to Plaintiff." [Doc. 84 at 2-3].

Concerning the representation of defense counsel, that Plaintiffs knew the substance of all of Defendants' experts' opinions at the time of the Defendants' original designation, the Plaintiffs have explicitly denied having such information until well after the close of discovery when, in the case of Koerber, his Rule 26 report was provided. [Doc. 85 at ¶3].

Defendants have offered nothing to support their assertion, nor is any support for this representation ascertainable by the Court from the docket. Representations to the court that are knowingly inaccurate are inexcusable. Nevertheless, the willingness to make such an unsupported representation as fact, does serve to illustrate the cavalier approach to litigation in this Court that has been adopted by defense counsel.

In short, the so-called justification for the wholesale failure to timely provide the requisite expert's report and the suggestion that the failure is harmless—in each instance because "plaintiff knew the substance of all of defendants' experts' opinions at the time of the defendants' original designation"—appears from the record to be false. Accordingly, as aforesaid, while it might establish some things concerning defense counsel's approach to the litigation in this Court, it decidedly does not establish substantial justification for the late report or lack of prejudice to the Plaintiffs on account thereof.

Defense counsel's further assertion that Koerber's untimely designation is justified or harmless because Plaintiffs never asked, during discovery, to depose Koerber is senseless. Why would a plaintiff ask to depose any expert on opinions, facts, and data on which the expert had not been designated to testify?

Similarly meaningless is the suggestion that the very late revelation of the opinions, facts, and data about which Koerber would be offered to testify is excusable or harmless because those matters do not concern any issues raised by the parties in dispositive motions.

Finally, the argument that Koerber's late designation is excusable or harmless because "the opinions of Mr. Koerber are beneficial to Plaintiff in that he valued Mrs. Wilson's economic damages at $289,000" is ridiculous as Plaintiffs' expert calculates Plaintiff's damages to be approximately $400,000 more than Koerber calculates. [Doc. 84 at 3]. The assertion that Defendant offers Koerber to "benefit the Plaintiffs" is again illustrative of the cavalier approach of defense counsel to compliance with the obligation of candor to the Court.

### III. *Sanctions.*

For the reasons delineated in the prior [83] order on substantially similar issues the instant supplement [78] should be stricken. Specifically, addressing the factors delineated in *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. [1996]):

The Court finds "the importance of the witnesses' testimony", has not been demonstrated. In fact, as noted, Defendants even assert the proposed opinions of Koerber benefit the *Plaintiff*.

Second, Plaintiffs would clearly be subject to unfair prejudice should Defendants be permitted to rely on the "supplemental" designations, as it would deprive Plaintiffs of the opportunity to explore, during discovery, the opinions, facts, and data to be offered by Defendants' expert. Further, it deprives the Plaintiffs the opportunity to, itself, timely file rebuttal opinions, facts, and data.

Third, the potential for a continuance at this point is only speculative making this factor also weigh in favor of the Plaintiffs.

Finally, as noted above, nothing defense counsel has offered by way of explanation for its failure to timely comply with its expert reporting obligations is even colorable.

*Conclusion*

Accordingly, it is THEREFORE ORDERED that the *Defendants' Third Supplemental Designation of Expert Witnesses* [78], including expert report, is hereby STRICKEN.

**SO ORDERED**, this March 14, 2018.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE